

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JASON TYWANN BELL,<br>Petitioner, | § § § | |
| vs. | § | Civil Action No. 4:18-03189-MGL |
| M. TRAVIS BRAGG,<br>Respondent. | § § § § | |

ORDER APPOINTING COUNSEL FOR PETITIONER
AND DIRECTING REBRIEFING
ON PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2241

This matter comes before the Court as a petition for writ of habeas corpus (petition) pursuant to 28 U.S.C. § 2241 (§ 2241) filed by Petitioner Jason Tywann Bell (Bell). On June 6, 2003, Bell pled guilty to a two-count indictment. Count 1 charged Bell with "unarmed" bank robbery in violation of 18 U.S.C. § 2113(a) and Count 2 charged Bell with possessing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). ECF No. 14 at 2. Bell was sentenced to 274 months in prison. *Id*. Bell received said sentence because he was designated a career offender under the then-mandatory Sentencing Guidelines. *See* U.S. Sentencing Guidelines Manual (U.S.S.G.) § 4B1.1 (2002).

On November 27, 2018, Bell filed the instant § 2241 petition. Bell asserts he is able to challenge his conviction under § 2241 because he satisfies the "savings clause" of 28 U.S.C. § 2255 (§ 2255), which allows a petitioner to use § 2241 to challenge a conviction or sentence when the relief available to petitioner under § 2255 is inadequate or ineffective. On January 8, 2019, the

Magistrate Judge issued a Report and Recommendation (Report) recommending the Court summarily dismiss Bell's § 2241 petition because he is unable to meet the requirements under *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), for asserting a § 2241 petition by way of the § 2255 savings clause. Specifically, the Magistrate Judge suggests Bell cannot satisfy the second element of Wheeler, which is "subsequent to the prisoner's direct appeal and first § 2255 motion, the [settled substantive law at the time of the petitioner's sentencing] changed and was deemed to apply retroactively on collateral review." *Id*. at 429.

Having considered all of the documents set forth above, the Court concludes counsel should be appointed for Bell in order for several issues to be more fully briefed before the Court rules on Bell's petition and reviews the Report. Accordingly, the Court **DIRECTS** the Clerk of Court to appoint counsel to represent Bell in his § 2241 proceeding before this Court. Said counsel should appear in this case within 10 days. The Court further **DIRECTS** Bell's counsel to brief the following issues within thirty days after appearing in this case:

(1) The effect of *Lester v. Flournoy*, 909 F.3d 708 (4th Cir. 2018), decided after the Magistrate Judge issued his Report and Recommendation for this case, on Petitioner's case;

(2) Whether the holding of *United States v. McCollum*, 885 F.3d 300 (4th Cir. 2018) has any effect on Bell's § 2241 petition under the requirements set forth in *Wheeler*;

(3) What effect, if any, *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *Johnson v. United States*, 135 S. Ct. 2551 (2015), have on Bell's § 2241 petition.

Once the Court receives Bell's brief, it will enter a deadline for the Government to respond.

**IT IS SO ORDERED.**

Signed this 25th day of April 2019 in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE